IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIQUITA SOME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:18-cv-2120-TMP |
| | ) |
| HONDA MANUFACTURING | ) |
| OF ALABAMA, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This matter is before the court on the motion to dismiss filed by defendant Honda Manufacturing of Alabama, LLC ("Honda").[1] (Doc. 8). The plaintiff, who is appearing pro se, was given time to respond, but no opposition to the motion has been filed. Because the plaintiff is not represented by counsel, her pleadings are construed liberally. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998).[2] While construing her pleading with leniency, however, the

---

[1] Honda has alleged, and it appears undisputed, that Honda was not Ms. Some's employer, and that she was employed by Elwood Staffing, an entity not named in this action or in her EEOC complaint. Honda has noted that only the plaintiff's employer may be a proper defendant in an action arising under Title VII, and that for that reason alone, her complaint fails to state a claim upon which relief may be granted as to this defendant. Even so, the court must take as true the reasonable factual allegations of the plaintiff, including that Honda was at least one of her employers.

[2] Pro se litigants still must meet threshold pleading requirements. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.1990). The Eleventh Circuit Court of Appeals has stated that "[w]hen it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it

court does not have "license to serve as de facto counsel" or "to rewrite otherwise deficient pleadings to help her navigate past the Rule 12(b)(6) challenge." Johnson v. Infirmary Health Sys., Inc., No. CIV.A. 13-0431-WS-M, 2013 WL 6062587, at *4 (S.D. Ala. Nov. 18, 2013) (citing GJR Investments, 132 F.3d at 1369). The parties have consented to the jurisdiction of the undersigned magistrate judge.

## BACKGROUND

This action arises from the plaintiff's employment with Elwood Staffing, which assigned her to a temporary position at the Honda manufacturing facility in Lincoln, Alabama, on August 16, 2018. The allegations of the complaint set forth the following facts.

Ms. Some was involved in an on-the-job injury on September 4, 2018, that resulted in a bruise on her upper lip and nose. (Doc. 1-2, p. 6). On September 5, 2018, she was returned to full duty with no restrictions. (Doc. 1-2, p. 13). She has since complained of neck pain, loss of bladder control, tingling in her arms and hands, and ill effects from a tetanus and whooping cough vaccine. (Doc. 1-2, pp. 15-19).

---

with prejudice." Jemison v. Mitchell, 380 F. App'x. 904, 907 (11th Cir.2010) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991)). Even so, dismissal with prejudice is proper if the pro se plaintiff has declined to amend her complaint or if a more carefully drafted complaint could not state a valid claim." Id. In this case, as discussed *supra*, even a more carefully and artfully drafted complaint would not state a claim because the plaintiff has not alleged that she suffered any adverse employment action.

On September 20, 2018,[3] Ms. Some had an interaction with a supervisor named Ms. Willis, who was showing Ms. Some and another worker a workplace procedure. Ms. Willis asked the plaintiff if she was in pain, and the plaintiff indicated that her neck was stiff and painful as a result of her September 4 on-the-job accident. Ms. Willis asked Ms. Some whether she was a "Trump supporter," to which Ms. Some replied, "no comment." Ms. Willis continued to talk, telling her that she was from a large family and liked to talk. (Doc. 1-2, p. 16). She asked the plaintiff about her family, what foods she liked to eat, shopping, and television shows. Id. Ms. Willis then began to talk about "dead people, hauntings, and ghost stories," and told Ms. Some that she liked to watch television shows about ghosts. Id. Ms. Willis told Ms. Some that she had seen dead people, and that dead people would sometimes "sit beside her on the bed and rub her hand." Id. Ms. Willis also said that her son had seen her (Ms. Willis's) deceased nephew in the Honda facility's parking lot. Id. Plaintiff told Ms. Willis that she did not think they should "entertain" those ideas. Id. Although the plaintiff believed, "as a Christian," she should not entertain such thoughts, she does not allege that she offered that explanation to Ms. Willis or otherwise indicated her religious feeling about the conversation.

---

[3]  The court judicially knows from reviewing a 2018 calendar, that September 20 was a Thursday.

At that point, Ms. Willis came up behind the plaintiff, grabbed her neck, and "shook it from side to side," telling her that she needed to "work [her] neck out" to loosen it up. (Doc. 2-1, p. 16). Ms. Some was "speechless and caught off guard." Id. Plaintiff apparently worked the next day, a Friday, and the following Saturday before leaving work due to pain and illness. (Doc. 1-2, pp. 16-18). She alleges that he has "not been able to work due to [her] injury." (Doc. 1, p. 6).

The plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and timely filed this action after receiving a Right to Sue letter. In an EEOC Precharge Inquiry Form, when asked whether she had been discriminated against on the basis of race, color, religion, sex, national origin, age, or disability, she checked "None of the above" and described the reason for the inquiry as "Harrasment/Hostile worker." (Doc. 1-2, p. 20). She described the event that she thought was discrimination as "[h]ands placed on my neck and my neck was shook from side to side." Id. She filed her EEOC charge, and in that charge document alleged discrimination on the basis of age and religion. (Doc. 1-2, p. 24). She complained that Ms. Willis had attempted to engage her in "personal conversations" about which she was "uncomfortable," asserting in her EEOC charge that "Christians don't entertain that." (Doc. 1-2, p. 27). On October 14, 2018, the EEOC determined that the charge should be dismissed because plaintiff had failed to

4

present any evidence tying the alleged harassment to her age or religion. (Doc. 1-2, p. 27). A Right to Sue letter was sent on October 19, 2018. (Doc. 1-2, p. 25).

She filed the complaint commencing this action on December 27, 2018, asserting that she has been discriminated against on the basis of religion and age. The defendant responded by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that none of the conduct complained of states a claim for discrimination on the basis of either age or religion. The plaintiff was given an opportunity to respond to the motion, but has not to date filed any response.

## STANDARD OF REVIEW

On a motion to dismiss arising under Rule 12(b)(6), the court must accept as true all of the facts alleged in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-51, 173 L. Ed. 2d 868 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Prior to the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), the liberal notice pleading standards embodied in Rule 8(a) "[did] not require that a plaintiff specifically plead every element of a cause of action," Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001), or set out in precise detail the specific facts upon which she bases her claim. The complaint need only "contain

either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

The Supreme Court raised the threshold for a sufficient pleading in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1965 (2007)(rejecting the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that any "conceivable" set of facts supporting relief is sufficient to withstand a motion to dismiss). In Twombly, the Court announced a "plausibility" standard for the sufficiency of a pleading, which is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To withstand scrutiny under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that will thus "nudge [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The Eleventh Circuit Court of Appeals has explained that the principles set forth in Twombly and Iqbal require the complaint to allege sufficient facts to "raise a right to relief above the speculative level." Speaker v. U.S. Dep't of Health and

Human Servs. Centers for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010). Honda argues expressly in this case that, to plead an employment discrimination claim sufficiently to meet the Twombly/Iqbal standard, the plaintiff must allege each element of a *prima facie* case of discrimination. (Doc. 8, pp. 5-6). The defendant cites as authority for this proposition Edwards v. Prime, Inc., 602 F.3d 1276 (11th Cir. 2010), and McCone v. Pitney Bowes, Inc., 582 F. App'x 798, 801 (11th Cir. 2014). The court does not believe this correctly states the current Eleventh Circuit law.

It is true that, in Edwards, the court of appeals wrote:

> The district court dismissed Count 12 of the amended complaint in which plaintiff Edwards attempted to plead a hostile work environment claim under 42 U.S.C. § 1981. *To plead that claim Edwards was required to allege* that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010)(italics added). The Eleventh Circuit then followed this with an unpublished opinion in McCone v. Pitney Bowes, Inc., 582 F. App'x 798, 801 (11th Cir. 2014). But McCone is a particularly confusing case. While it cites Edwards as "[noting] that post-Iqbal, a plaintiff must

7

allege a prima facie case of discrimination," it also states in footnote 4 that Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), held that a "plaintiff is not required to plead a prima facie case of discrimination in order to survive dismissal." Id. at 801 n. 4; see also Gilliam v. U.S. Dep't of Veterans Affairs, No. 2:16-CV-255-FTM-29CM, 2017 WL 6344207, at *7 (M.D. Fla. Dec. 12, 2017) (citing footnote 4 from McCone).

The interaction of Swierkiewicz and the Twombly/Iqbal pleading standard was worked out by the Eleventh Circuit in a series of cases beginning with Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245–46 (11th Cir. 2015). There the court explained:

> Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race. See 42 U.S.C. § 2000e–2(a)(1); see also 42 U.S.C. § 2000e–2(m) (prohibiting employers from using race as a "motivating factor" in formulating employment practices). To state a race-discrimination claim under Title VII, a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quotation marks omitted) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). The complaint "need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)). This is because McDonnell Douglas's burden-shifting framework is an evidentiary standard, not a pleading requirement. Swierkiewicz, 534 U.S. at 510, 122 S. Ct. at 997. Accordingly, a court may properly enter default judgment on a claim of racial discrimination when the well-pleaded factual allegations of a complaint plausibly

suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination.

The District Court did not use the Iqbal/Twombly plausibility standard to determine whether to enter default judgment on Surtain's race-discrimination claims. Instead, the District Court held that Surtain "fail[ed] to plead a valid claim for relief," because she had not made out a prima facie case of racial discrimination under McDonnell Douglas. In applying the wrong legal standard, the District Court abused its discretion.

Id. at 1245-1246. Two years later, in Evans v. Georgia Regional Hospital, 850 F.3d 1248 (11th Cir. 2017), the court of appeals stated the rule expressly:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is plausible on its face when there is a "reasonable inference that the defendant is liable for the misconduct alleged." Id. A Title VII complaint need not allege facts sufficient to make out a classic *prima facie* case, but must simply provide enough factual matter to plausibly suggest intentional discrimination.

Evans v. Georgia Regional Hosp., 850 F.3d 1248, 1253 (11th Cir.), cert. denied, ___ U.S. ___, 138 S. Ct. 557, 199 L. Ed. 2d 446 (2017). Thus, it is not true that a complaint in a Title VII case must allege facts establishing each element of a *prima facie* case.[4] It need only allege facts that plausibly show intentional discrimination by the plaintiff's employer. That is the standard applied here.

---

4  As the Supreme Court explained in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct.

9

## DISCUSSION

### A. Discrimination Based on Age

The defendant asserts that plaintiff's claim that she was discriminated against on the basis of her age is due to be dismissed, most notably because the plaintiff has not alleged any fact at all related to age. Her complaint does not allege that she is over 40. The blank on her Title VII complaint form, which asks her to state her age if alleging an age discrimination claim, is left blank (doc. 1, p. 5), and her birthdate or age appear to have been redacted from the documents attached to the complaint. Even if the court assumes that the plaintiff is a member of the protected age category, and even employing the most liberal reading of the complaint's allegations, none of the facts alleged is related in any way to the plaintiff's age. The Eleventh Circuit Court of Appeals determined in Jackson v. BellSouth Telecommunications, 372 F.3d 1250 (11th Cir. 2004), that a complaint that "failed to set forth any facts that would support an inference that the plaintiff's employer had acted with the requisite intent" was "wholly conclusory" and insufficient to meet even the more generous notice

---

992, 997, 152 L. Ed. 2d 1 (2002), the McDonnell Douglas burden-shifting standard is an evidentiary standard used in the analysis of the merits of the case, while Twombly/Iqbal is a pleading standard for measuring the sufficiency of facts alleged at the pleading stage. Because employment discrimination cases can be proven in at least three ways—direct evidence, pattern and practice evidence, and the McDonnell Douglas burden shifting test—the way in which a plaintiff pleads the case cannot be limited only to one of these methods exclusively. For pleading purposes, the question is whether the facts pleaded plausibly give rise to an inference of intentional discrimination. A plaintiff may do so by alleging facts that show directly a discriminatory purpose or by pleading facts creating an inference of it under McDonnell Douglas.

pleading standard in effect before Twombly and Iqbal. 372 F.3d at 1271 (evaluating a race discrimination claim). The Eleventh Circuit has similarly stated that a complaint in a § 1983 case must, after Iqbal, "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Randall v. Scott, 610 F.3d 701, 716 n. 2 (11th Cir. 2010) (citations omitted).

In this case, the complaint fails to allege any reference, even the most oblique, to age. The plaintiff has failed even to allege that she is a member of the class of protected individuals age 40 or above, or that the treatment she received was because of her age. Because there are no facts alleged that relate to age discrimination,[5] the motion to dismiss the age-based claim is due to be granted.

### B. Discrimination Based on Religion

The plaintiff asserts that the defendant discriminated against her on the basis of her religion, which she identifies as Christian. The defendant argues that the plaintiff has failed to state a claim under Title VII because the complaint does not contain any plausible allegations of discrimination on the basis of religion. The court will assume the allegations that her supervisor talked to her about ghosts and dead people to be an

---

[5] The age discrimination claim also is due to be dismissed for failure to allege a *prima facie* case, as discussed *infra*, in that the plaintiff does not assert that any age-based discrimination resulted in any adverse employment action. She has not alleged that she has been fired, demoted, or otherwise adversely impacted by the events of September 20, 2018.

11

affront to her Christian religion. However, this was a single, isolated event and the only alleged effect the conversation had on her was to make her not "feel comfortable returning [to work]," and being "very uneasy." Defendant argues that her feelings of discomfort are too vague to plausibly support a finding that she suffered an adverse employment action. Even assuming everything alleged by the plaintiff, no reasonable employee would find this conversation objectively offensive.

A plaintiff asserting discrimination on the basis of religion must allege facts giving rise to an inference that: "(1) he is a member of or practices a particular religion; (2) he is qualified to perform the job at issue; (3) he has suffered some adverse employment action; and (4) someone outside the protected class of which he is a member was treated differently." Gunning v. Runyon, 3 F. Supp. 2d 1423, 1428 (S.D. Fla. 1998) (citing Mann v. Frank, 7 F.3d 1365, 1370 (8th Cir.1993); Breech v. Alabama Power Co., 962 F. Supp. 1447, 1456 (S.D. Al. 1997). The "adverse action" prong is met only where it causes "a *serious and material* change in the terms, conditions, or privileges of employment," from the perspective of a reasonable employee. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1238-40 (11th Cir. 2001) (emphasis original). Although at the Rule 12 dismissal stage the plaintiff need not specifically plead every element of her claim, the complaint must contain direct or inferential allegations respecting all the material elements necessary to sustain a recovery. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d at 683. Here, the

plaintiff has not plausibly alleged that she has suffered any adverse employment action or been subjected to a "severe or pervasive" hostile work environment. She has not alleged any direct evidence of religious animus against her, or any from which a plausible inference of religious animus can be drawn.

In this case, even if Ms. Willis's conversation was construed as having an anti-Christian theme, it did nothing more than make Ms. Some feel uncomfortable. The conversation, or Ms. Willis's views on ghosts, had no bearing on Ms. Some's pay, her continued employment, or her ability to perform her job. To the extent that the plaintiff may be attempting to argue that she was constructively discharged, the complaint still is inadequate, as she bases her "discomfort" on a single encounter with a single supervisor on a single day, and about which she never complained.[6] This does not raise a plausible hostile work environment claim because it is not severe or pervasive or plausibly based on a religious animus.

The Supreme Court has addressed the use of a constructive discharge theory in a Title VII sexual harassment case, noting that "the offending behavior 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Pennsylvania State Police v. Suders, 542 U.S. 129, 146–47, 124 S. Ct. 2342, 2354, 159 L. Ed. 2d 204 (2004) (citing Meritor

---

[6] Although the plaintiff also cites to the act of shaking her neck back and forth, there is nothing that would tie that action (however offensive) to either the age or religion of the plaintiff, and it is thus irrelevant to the claims of employment discrimination asserted by the plaintiff.

Savings Bank, FSB v. Vinson, 477 U.S. 57, 64, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986). Where the plaintiff alleges a constructive discharge, not a termination, a plaintiff "must show working conditions so intolerable that a reasonable person would have felt compelled to resign." Id. "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment is beyond Title VII's purview." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

To the extent that Ms. Some is complaining that her neck was injured by Ms. Willis, that act is not actionable under Title VII unless it is based on a discriminatory animus. "Title VII does not encompass every tribulation a worker may experience in the workplace, but instead only proscribes employment discrimination based on race, color, religion, sex, or national origin." McCray v. Potter, 263 F. App'x 771, 773 (11th Cir. 2008).[7]

The court finds that the allegations of the complaint—that a supervisor talked to her on one occasion about ghosts, hauntings, seeing dead people, and watching television shows about the paranormal—are insufficient to allege religious discrimination. The conversation about ghosts had no bearing on the terms or conditions of her employment. Morever, a reasonable employee would not find one

---

[7] To the extent that the facts concerning her neck injury may state a tort claim under state law, this court would have no jurisdiction over that claim absent a viable federal-law claim.

chatty supervisor who indulges in ghost stories to be intolerable or abusive. In short, the allegations of religious discrimination in the plaintiff's complaint fail to allege a plausible case of intentional religious discrimination and therefore fail to meet the standard set forth in <u>Twombly</u> and <u>Iqbal</u>. Because the plaintiff has failed to offer enough factual allegations to properly allege a plausible case of Title VII employment discrimination, Honda's motion to dismiss the Title VII religious discrimination claim also is due to be granted.

## CONCLUSION

Based upon the foregoing, the motion to dismiss (doc. 7) is due to be granted and all claims against Honda are due to be dismissed with prejudice. A separate order will be entered.

DONE this 3rd day of April, 2019.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE